IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |  |
|---|---|---|
| IN RE:  KATHY YVETTE ROBINSON,<br>Debtor | )<br>)<br>)<br>)<br>)<br>) | CHAPTER   13<br><br>CASE NO.   04-03249-WA1-13<br><br>ORDER |

_____

For the reasons set forth in the Court's contemporaneous Memorandum Decision, it will DENY the Trustee's Motion to Dismiss on the orally supplemented ground that the filing of this case was precluded by reason of the provisions of 11 U.S.C. § 109(g)(2), but without prejudice to his right to file and notice for hearing a written motion upon such ground if he shall determine it appropriate to do so.  The Motion on the written grounds contained therein will be continued to be heard at the next scheduled confirmation hearing in this case.

The Clerk shall send a copy of this order to the Debtor and shall serve the Trustee, Debtor's counsel, and the office of the United States Trustee a copy of the same electronically.

ENTER this 17th  day of February, 2005.

*William F. Stone, Jr.*
_____
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |  |
|---|---|---|
| IN RE:  KATHY YVETTE ROBINSON, | ) | CHAPTER   13 |
| Debtor | ) |  |
|  | ) | CASE NO.   04-03249-WA1-13 |
|  | ) |  |
|  | ) | MEMORANDUM DECISION |
|  | ) |  |

_____

The precise matter before the Court is whether this case should be dismissed on the ground that the Debtor was ineligible to file this case pursuant to 11 U.S.C. § 109(g)(2) because she obtained the voluntary dismissal of a prior case within 180 days before the filing of her petition in the present case, a motion for relief having been filed by the Debtor's mortgagee in the prior case. This fact was brought to the Court's attention at a hearing on February 10, 2005 for confirmation of the Debtor's proposed Chapter 13 Plan and the Trustee's Motion to Dismiss.

The facts of the matter are quite unusual. In the prior case (docket no. 00-02694) the Debtor had completed her Plan payments, which permitted all expenses of the case and 100% of her allowed unsecured claims to be paid in full; indeed the Chapter 13 Trustee's Final Report in that case indicates that the Debtor even received a refund. A motion for relief from the stay had been filed and resolved in that case. Pursuant to the order resolving that motion for relief the mortgagee gave notice of a default in the agreed payment terms. The Debtor filed an objection to that notice of default and a hearing was scheduled thereon for July 22, 2004. At that hearing counsel for the Debtor, who is also her counsel in the current case, appeared and advised the Court that the objection to the notice of default would be withdrawn. An order to such effect

was tendered and entered by the Court on August 6, 2004. On August 20, 2004 a Motion to Dismiss her case signed personally by the Debtor but not by her counsel was filed with the Court by means of a cover letter signed and apparently sent by a "Bankruptcy Paralegal" in counsel's office. On that same date the prior case was dismissed. On August 25, 2004 the petition commencing the current case was filed. The petition indicates that it was signed by the Debtor on August 10, 2004 and by her counsel on August 24, 2004. At the hearing on February 10, 2005 the Debtor's counsel made a proffer that the case had been unintentionally dismissed as a result of a misunderstanding between himself and his employee and that he had been seeking to get the Trustee to file a final report in that case so that the Debtor could receive a discharge and the case be closed. No motion has ever been filed with the Court, however, to vacate the dismissal order on the ground of mistake. It is clear that the Debtor was anxious to file a new Chapter 13 case to deal with a post-petition delinquency in the mortgage which had accrued during the first case. Her Amended Chapter 13 Plan before the Court in this case proposes a 60 month plan to cure a mortgage deficiency which she estimated at $6,807. The mortgagee has not participated in this case. The Trustee's written Motion to Dismiss the present case asserts as grounds therefore issues relating to commencement of plan payments, plan feasability and need for financial information and does not reference the subject of 11 U.S.C. § 109(g)(2). The Debtor was not personally present at the February 10 hearing. At that hearing her counsel argued that all of the circumstances of the matter taken together do not require a dismissal under § 109(g)(2) and that such ground was not asserted as a basis relied upon in the Trustee's Motion. The Trustee responded that he had just become aware of the issue and believed he should bring it to the Court's attention.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. The determination of a debtor's eligibility to file a bankruptcy case is clearly a "core" bankruptcy issue pursuant to 28 U.S.C. § 157(b)(2)(A).

Chief Judge Krumm of this Court has ruled that the language of 11 U.S.C. § 109(g)(2) is not to be applied mechanically using an interpretation of the word "following" in that section as referring simply to a voluntary dismissal of a case at any chronological point after a motion for relief from the stay in that case has been filed. *In re Duncan*, 182 B.R.156 (Bankr. W.D. Va. 1995). Rather the statute requires that the Court investigate the circumstances involved and determine if the old case was dismissed by reason of the motion for relief from the stay and with the intention of filing a new petition for the purpose of obtaining a new automatic stay to frustrate the creditor's efforts to collect its debt or obtain recourse to its collateral. It would certainly seem that the dismissal of a Chapter 13 case in which the Debtor has completed her plan payments and paid 100% of the allowed unsecured claims in the case is not the type of "abusive" tactic which Congress had in mind when it enacted § 109(g)(2), particularly when the mortgagee whose interests are designed to be protected by that statute makes no objection to the filing of the new case. It does certainly seem also to be the case that the Debtor filed her present petition with the good faith intention of proceeding with her case, obtaining confirmation of a Chapter 13 plan, paying the creditor the amount of the pre-petition delinquency while maintaining post-petition payments in a current status, and satisfying her mortgage obligation. On the other hand, it certainly appears in this case that the mortgagee had obtained relief in the prior case due to a default under the terms of the order which had resolved the motion for relief,

a default which Debtor's counsel apparently concluded he could not successfully contest, and that in fact the Debtor did dismiss her first case for the purpose of filing, before the mortgagee could foreclose its deed of trust, a new Chapter 13 case in which she would undertake to cure the mortgage delinquency which had accrued during that first case. In short, there is a definite connection between the motion for relief filed in the first case, a default under the terms of the order which resolved that motion, the voluntary dismissal of that case, and the filing of the present case to deal with that default.

The Court concludes that the potential consequences to the Debtor should the Court determine that she is ineligible under section 109(g)(2) are of so serious a nature that she should be clearly put on notice that a party in interest is seeking a dismissal of her case on that ground. Accordingly, the Court will not dismiss the case *sua sponte* or upon the issue being simply brought to its attention by the Trustee without a formal motion to dismiss expressly based on such ground being filed and noticed for a hearing. Whether or not the Trustee ought to file such a motion under the circumstances of this case is a matter for him to determine in the sound exercise of the discretion accorded to him by virtue of his office.

This  17th  day of February, 2005.

_____
UNITED STATES BANKRUPTCY JUDGE